AO 241 (Rev. 09/17)

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

2022 JAN 24 PH 12: 40

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: _Bernalillo second Judicial_ |
|---|---|
| Name (under which you were convicted): _Jason Skaggs_ | Docket or Case No.: _D-202-CR-2008-03351_ |
| Place of Confinement: _Lea County Correctional Facility_ | Prisoner No.: _71010_ |
| Petitioner (include the name under which you were convicted) _Jason Skaggs_ | Respondent (authorized person having custody of petitioner) v. _Dwayne Santistevan_ |
| The Attorney General of the State of: | |

**PETITION**          22cv50 JB-SMV

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

_SECOND JUDICIAL DISTRICT COURT_
_BERNALILLO COUNTY_
_NEW MEXICO_

(b) Criminal docket or case number (if you know): _D-202-CR-2008-03351_

2. (a) Date of the judgment of conviction (if you know): _July 27, 2009_

(b) Date of sentencing: _November 17, 2009_

3. Length of sentence: _30 ½ years_

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: _second degree murder_ _"lesser charge" Aggravated burglary "deadly weapon" conspiracy to commit aggravate burglary "deadly weapon" and criminal solicitation to commit murder_

6. (a) What was your plea? (Check one)
☐ (1) Not guilty    ☐ (3) Nolo contendere (no contest)
☑ (2) Guilty    ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _N/A_

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8.  Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court: _SECOND JUDICIAL DISTRICT COURT_

(b) Docket or case number (if you know): _D-202-CR-2008-03351_

(c) Result: _Denied_

(d) Date of result (if you know): _June 4, 2021_

(e) Citation to the case (if you know): _NMRA·5-802_

(f) Grounds raised: _Double Jeopardy_

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court: _NEW MEXICO SUPREME COURT_

(2) Docket or case number (if you know): _S-1-SC-38811_

(3) Result: _Denied_

AO 241 (Rev. 09/17)

(4) Date of result (if you know): *June 4, 2021*

(5) Citation to the case (if you know): *NMRA 12-501*

(6) Grounds raised: *double Jeopardy*

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☐ Yes    ☑ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)      (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding:

    (5) Grounds raised:

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☑ No

    (7) Result:

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding:

    (5) Grounds raised:

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:   ☑ Yes    ☐ No

(2) Second petition:  ☐ Yes    ☐ No

(3) Third petition:   ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
       laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
       supporting each ground. Any legal arguments must be submitted in a separate memorandum.

       **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
       state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set
       forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *Double Jeopardy*

*aggravated Burglary and murder were unitary acts*
_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)  **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: WRIT OF HABEAS CORPUS

Name and location of the court where the motion or petition was filed: SECOND JUDICIAL DISTRICT

COURT, BERNALILLO COUNTY NEW MEXICO

Docket or case number (if you know): D-202-CR-2008-03351

Date of the court's decision: JUNE 4, 2021

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: NEW MEXICO SUPREME COURT

Docket or case number (if you know): S-1-SC-38811

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

_N/A_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❏ Yes    ❏ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes    ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion or petition?    ❏ Yes    ❏ No

(4) Did you appeal from the denial of your motion or petition?    ❏ Yes    ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏ Yes    ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

_____
_____

**GROUND THREE:**

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____
_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❏ Yes    ❏ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes    ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?    ❏ Yes    ❏ No

(4) Did you appeal from the denial of your motion or petition?    ❏ Yes    ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏ Yes    ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
        have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

        (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☐ Yes     ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                          ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____
_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____
_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____
_____

AO 241 (Rev. 09/17)

13.     Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☑ Yes      ☐  No

            If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

            _____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them: *NO*

            _____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐    Yes      ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐    Yes      ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:    *Sandy Barnhart Chavez*

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _To vacate or set aside aggravated_

_burglary and ~~seg~~ conspiracy to commit aggrivated burglary_

or any other relief to which petitioner may be entitled.

_____ N/a
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _Nov. 30, 2021_        (date).

Signature of Petitioner _Jason Ray Skaggs_

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

West's New Mexico Statutes Annotated
State Court Rules
9. Criminal Forms
Article 7. Special Proceedings

**FILED**
2ND JUDICIAL DISTRICT COURT
Bernalillo County
2/18/2021 10:40 AM
CLERK OF THE COURT
Ramiro Hernandez

NMRA, Form 9-701

FORM 9-701. PETITION FOR WRIT OF HABEAS CORPUS

Currentness

*[For use with District Court Criminal Rule 5-802 NMRA]*

STATE OF NEW MEXICO

COUNTY OF BERNALILLO......

IN THE DISTRICT COURT

*For Official Use Only*

No. D·202·CR·2008·03351

*(To be supplied by the clerk of the court)*

,JASON SKAGGS......................

*(Full name of prisoner)*

Petitioner,

v.

DWAYNE SANTISTEVAN...............

*(Name of warden, jailor or other person having power to release the petitioner)*

Respondent.

*Instructions -- Read Carefully*

Make sure that all information provided in this form is true and correct. Make sure that all necessary documents are attached, or explain why the documents are not


being included. If you are currently incarcerated, you may file the petition without payment of the filing fee. If you are not incarcerated and are seeking free process, complete Form 9-403.

Finally, you must complete the certificate of service and mail or otherwise serve copies of this petition on the respondent and the district attorney in the county in which the petition is filed. You must file the original petition and one copy with the Clerk of the District Court. You should keep a copy for your own records.

## PETITION FOR WRIT OF HABEAS CORPUS [1]

1. _Jason Skaggs_ (*name of person in custody*) is imprisoned or otherwise restrained at _Lea Co. Corr. Fac._ (*name of facility and county of detention*) by _Warden_ (*name and title of person having custody*). _Dwayne Santistevan_

2. This petition

[W] seeks to vacate, set aside or correct an illegal sentence or order of confinement (i.e., ineffective assistance of counsel, illegal search and seizure, involuntary confession, or other matters relating to the trial or sentence the confined person received).

[W] challenges confinement or conditions of confinement or matters other than the sentence or order of confinement. (*This applies only to matters arising after the confined person arrived at the institution, i.e., county jail confinement, mental hospital confinement, detention facility confinement, good time credit, misconduct report, prison due process violation or parole*).

3. State concisely the facts upon which the confined person bases the claim:

_See attached Statement of Facts Pg. 1 and 2_
_also see attached Claims and Facts Pg. 1_

...................................................................................................

...................................................................................................

WESTLAW   © 2017 Thomson Reuters. No claim to original U.S. Government Works.                    2

**4. State concisely the grounds and law, or other legal authorities on which the confined person bases the claim:**

*See attached: Grounds and Laws Pg. 1*

...........................................................................................................................

...........................................................................................................................

...........................................................................................................................

**5. Have the grounds being raised in this petition been raised previously in your direct appeal? If so, explain the result. If not, explain why not:**

*No verdict was reached through a plea agreement*

...........................................................................................................................

...........................................................................................................................

...........................................................................................................................

**6. Have the grounds raised in this petition been raised previously in another petition for a writ of habeas corpus? If so, explain the result. If not explain why not:**

*No, I was told that I didn't have any grounds*

...........................................................................................................................

...........................................................................................................................

...........................................................................................................................

**7. Briefly describe the relief requested:**

*I am requesting to have the Aggravated Burglary*

(with a deadly weapon) and Conspiracy to commit Aggravated Burglary (with a deadly weapon) be subsumed within or ran concurrent to the second degree murder.

**8.** State the nature of the court proceeding resulting in the confinement (*i.e., criminal prosecution, civil commitment, etc.*), including:

(a) case name: Criminal Prosecution
STATE OF NEW MEXICO V.S. JASON SKAGGS

(b) docket number: D-202-CR-2008-3351

(c) name of judge: Hon. Ross Sanchez

(d) name and location of the court in which the proceeding was held:
SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

**9.** State the date of the final judgment, order or decree for confinement:
November 18, 2009

**10.** Attach a copy of the judgment, order or decree. If not, describe your sentence.

FORM 9-701. PETITION FOR WRIT OF HABEAS CORPUS, NM R CR Form 9-701

..........................................................................................................

**11. Was the conviction the result of:**

___✓___ Guilty plea

_____ No Contest plea (*nolo contendere*)

_____ Finding of guilty by judge or jury

**12. Was the confined person represented by an attorney during the proceedings resulting in the confinement?**

___✓___ Yes

_____ No

**13. If you answered "yes" to (12), list the name and address of each attorney who represented the confined person:**

Sandy Barnhart Y Chavez ...........................................................

1218 Lomas BLVD. NW Albuquerque, NM 87102 ...........

**14. Did you appeal your conviction?**

___ Yes *(Go to 15)*

___✓__ No *(Go to 16)*

**15. If you answered "yes" to (14), list:**

(a) The name of each court to which an appeal was taken:    N/A

..........................................................................................................

FORM 9-701. PETITION FOR WRIT OF HABEAS CORPUS, NM R CR Form 9-701

.................................................................................

**(b) The case name and docket number for each appeal:** *N/A*

.................................................................................

.................................................................................

**(c) The date each appeal was filed and decided:** (*Attach a copy of each opinion or order*)

...................*N/A*.........................................................

.................................................................................

.................................................................................

**(d) A summary of the grounds upon which each appeal was based:** *N/A*

.................................................................................

.................................................................................

.................................................................................

**(e) The result of each appeal:** *N/A*

.................................................................................

.................................................................................

.................................................................................

**(f) The name and address of the attorney on appeal:** *N/A*

FORM 9-701. PETITION FOR WRIT OF HABEAS CORPUS, NM R CR Form 9-701

..................................................................................................

..................................................................................................

..................................................................................................

**16. If you answered "no" to (14), state the reasons for not appealing:**

*Petitioner entered into a Guilty Plea*...............................................

..................................................................................................

**17. Apart from any appeals listed in (15), have any other post conviction applications, petitions or motions, been filed with regard to this same imprisonment or restraint?**

___✓___ Yes *(Go to 18)*

_____ No *(Go to 19)*

**18. If you answered "yes" to (15), list with respect to each such petition or motion:**

(a) The type of proceeding:

*Motion*..........................................................................................

..................................................................................................

(b) The name and date of each case:

*Pro Se Motion for reconsideration and reduction of sentece Feb. 18, 2010*

(c) the docket number:  *D-202-CR-200803351*

..................................................................................................

**(d)** the court, the administrative agency, or institutional grievance committee from which relief was sought:

*Albuquerque District*

**(e)** the result of each proceeding. (*Attach a copy of each decision.*)

*Denied*

**(f)** The issues raised in each proceeding:

*N/A*

**(g)** State whether a hearing was held in connection with each of these proceedings:

*no*

**(h)** State whether the confined person was represented by an attorney in each proceeding and, if so, the attorney's name and address:

*no*

19. Do you seek the appointment of counsel to represent you?[2]

✓ Yes

FORM 9-701. PETITION FOR WRIT OF HABEAS CORPUS, NM R CR Form 9-701

___ No

## VERIFICATION

STATE OF NEW MEXICO

COUNTY OF .......*Bernalillo*....................................................................

I, the undersigned, being first duly sworn upon my oath, state that I am the petitioner in this action. I have read the foregoing petition and know and understand its contents, and the information contained herein is true and correct to the best of my knowledge, information and belief. On *2021 February, 8th* (date), I deposited this petition in the internal mail system of the institution in which I am confined, properly addressed with any necessary postage prepaid, for forwarding to the district court at the following address:

___ Court (name of court) *Bernalillo County*

___ (city), New Mexico, ___ (zip code).

*Albuquerque, N.M.      87103*

(
Signature
)

*Jason Ray Skaggs*

(
Address
)

*6900 W. Millen Dr. Hobbs, New Mexico*

PNM No., if applicable *#7/010*

SUBSCRIBED AND SWORN TO before me this *5th* day of *February 2021*, by

...........................................................................................................

(Name of petitioner)

*Jason Ray Skaggs*

Notary Public

*Angela Cross*

(July 15, 2024

**My Commission Expires:**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing petition were served upon the respondent and the district attorney in the county in which the petition is filed by _U.S.P.S._ *(describe manner of service)*, this _8_ day of _FEBUARY_ , _2021_

(
*Signature of petitioner*
)

## USE NOTE

**Credits**
[Adopted effective Aug. 1, 1989. Amended effective May 6, 2009; Dec. 31, 2014.]

**Footnotes**

1  After this petition is reviewed by the Court, the Court will enter the order granting or denying the writ or ordering a response before further action. The order shall be prepared by the Court.

2  Petitioners who are incarcerated at the time of filing the petition need not file a motion for free process and may file the petition without payment of the applicable filing fee. *See* Rule 5-802(D)(2) NMRA

NMRA, Form 9-701, NM R CR Form 9-701

State court rules are current with amendments received through August 1, 2017.



OFFICIAL SEAL
Angela Cross
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 7-15-2024

# Statement of Facts

On or about July 28, 2008 in Bernalillo County, New Mexico, Jason Skaggs "Petitioner" from here out, and Clifton Bloomfield, "Co-defendant from here out parked a few blocks from the home of Scott Pierce "victim". The Co-defendant then exited the Vehicle and walked to the Pierce home, made entry through a kitchen window armed with a gun. Mr. Pierce walked into the kitchen from his bedroom, co-defendant shot him, then left the home through the same window he made the entry. Petitioner never exited the vehicle during this time, but when the co-defendant did not return for a long period of time, petitioner left. A few days later, both the petitioner and Co-defendant were arrested.

Petitioner was charged with First degree Murder (willful and Deliberate) Second degree murder (Firearm enhancement) and Manslaughter (Firearm enhancement), Conspiracy to commit murder; First degree murder (Felony Murder); Conspiracy to commit Felony murder; Aggravated Burglary (with a deadly weapon) (Firearm enhancement); and Criminal solicitation to commit murder.

Co-defendant was charged with (see) State v. Clifton Bloomfield D-202-CR-20083350. Both men ultimately reached and entered into plea agreements. Petitioner plead guilty to second degree murder (Firearm enhancement), Aggravated burglary (with a deadly weapon) (Firearm enhancement), Conspiracy to commit

aggravated burglary (deadly weapon) and
Criminal Solicitation to commit murder for a
total of (30 ½) years of incarceration. Counts 2, 3,
and 4 of the indictment CR-2008-03351 were all
dismissed.

# Claims and Facts

Petitioner claims that he should not have the charge of aggravated Burglary (with a deadly weapon) and or Conspiracy to commit Aggravated Burglary (Deadly Weapon). Fact number one (1), Petitioner's co-defendant is the only person who walked to, then entered the dwelling committing the murder and aggravated Burglary, but co-defendant doesn't have Aggravated Burglary or Conspiracy to commit Aggravated Burglary (with a deadly weapon) (Firearm enhancement) on record for this cause number D-202-CR-20083350.

The number two (2) fact is that the aggravated burglary, and the murder were unitary acts in time and space, so this case is a perfect example of Double Jeopardy, because here the murder should subsume the aggravate burglary and conspiracy to commit aggravated burglary.

# Grounds and Laws

Here petitioner claims that he is confined on an illegal sentence in violation of the Fifth Amendment of the United States Constitution, Double Jeopardy which protects a person from being twice convicted of the same crime.

The Aggravated burglary in this case was automatic whe petitioners co-defendant entered the dwelling armed with a gun, then all in the same time and space killed the victim, this was a unitary act. (see) Lucero V. Kerby 133 F. 3d. 1299, 1998 U.S. APP. Defendants consecutive sentences for attempted CSP and Aggravated Burglary Violates defendants right to double Jeopardy, because the conduct is unitary in that the acts underlying both offenses are not sufficiently separated in time or space to be considered distinct, and the state does not intend to impose multiple punishments for the unitary conduct.

Double Jeopardy also exist, because based on unitary acts the underlying lower felonies should be subsumed by the second degree murder. (see) State V. Amendaris 2006-N.M.C.A.-152, 140 N.M. 712, 148 P. 3d. 798., also (see) State V. Romero 2019 N.M.S.C. -007, 435 P. 3d. 1231, 2018 N.M., as well as State V. Tollardo 2012-N.M.S.C. -008, 275 P. 3d. 110, 2012 N.M. Here petitioner also contends that the acts were unitary in time and space, so by using New Mexico's well known two part Swafford test. (see) Swafford V. State 112 N.M. 3, 7, 810 P. 2d. 1223, 1227 (1991) Quoting Blockburger V. United States, 284, U.S. 299, 304, 52 S.Ct. 180 76 L. Ed. 306 (1932).

Pg. 1 of 1

FILED
SECOND JUDICIAL DISTRICT

2009 NOV 18 PM 3 38

*Juanita M. Duran*

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

STATE OF NEW MEXICO,

                                    Plaintiff,

        vs

*Jason Skaggs*
                                    Defendant,

CR#: 2008-3351
(DA File #) 2008-4078-2

Metro CR# / Citation #
_____ / _____

Defendant Address:
DOB. 5/12/1973
SSN: 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

☐ **CONDITIONAL DISCHARGE (Not Applicable to DWI)**
☐ **ORDER DEFERRING SENTENCE**
☑ **JUDGMENT, SENTENCE AND –**
       ☐ **FULLY SUSPENDED SENTENCE**
       ☐ **PARTIALLY SUSPENDED SENTENCE**
              ☐ **COMMITMENT TO METROPOLITAN DETENTION CENTER**
              ☑ **COMMITMENT TO N.M. CORRECTIONS DEPARTMENT**

**APPEARANCE AND PLEA**
        The defendant appeared with counsel, *Sandy Barnhart y Chavez*        for
sentencing  on   *November 6, 2009*        before  District  Judge
*Ross Sanchez*         and the State appeared by Assistant District Attorney
*Allison Hedgecock*
The Defendant was convicted on   *July 27, 2009*        of the following crimes
pursuant to (specify counts as applicable).
☑ Guilty Plea
☑ Guilty Plea Pursuant to North Carolina v. Alford
☐ No Contest Plea
☐ Verdict
☐ Provisional Plea of Guilty subject to a Conditional Discharge

Rev. 11-05

| Case Number CR#: 2008-3351 | Statute Number | Class PM/M/F4 F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense | Charging Document (Circle One) |
|---|---|---|---|---|---|---|
| Count Number 1 | 30-2-1(B) | F2 | 108002 5398 | 6/28/08 | (Y)/N | (Indictment)  Information |
| Offense Name Second Degree Murder (lesser included) | ☐ Conditional Discharge –STOP ☐ Deferred Sentence – STOP ☑ Sentence – Enter Sentence Below | | | Concurrent to Counts | Consecutive to Counts | Enhancement Code (Circle) (Firearm)  O   HC   Habitual |
| | Years | Months | Days | | all others | 1   Years |
| | 15 | 0 | 0 | | | |

| Case Number CR#: 2008-3351 | Statute Number | Class PM/M/F4/ F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense | Charging Document (Circle One) |
|---|---|---|---|---|---|---|
| Count Number 5 | 30-16-4(A) | F2 | | 6/28/08 | (Y)/N* | (Indictment)  Information |
| Offense Name Aggravated Burglary (deadly weapon) | ☐ Conditional Discharge –STOP ☐ Deferred Sentence – STOP ☑ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consecutive to Counts | Enhancement Code (Circle) (F)  O   H   HO |
| | Years | Months | Days | | all others | 1   Years |
| | 9 | 0 | 0 | | | |

| Case Number CR#: 2008-3351 | Statute Number | Class PM/M/F4/ F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense | Charging Document (Circle One) |
|---|---|---|---|---|---|---|
| Count Number 6 | 30-28-2 | F3 | | 6/28/08 | Y/N* | (Indictment)  Information |
| Offense Name Conspiracy to commit Aggravated Burglary (DW) | ☐ Conditional Discharge –STOP ☐ Deferred Sentence – STOP ☑ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consecutive to Counts | Enhancement Code (Circle) F  O   H   HO |
| | Years | Months | Days | | all others | Years |
| | 3 | 0 | 0 | | | |

Enhancements: O= Old Age or Handicap, HC = Hate Crimes

- OVER -

| Case Number CR#: 2008-3351 | Statute Number | Class PM/M/F4 F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense | Charging Document (Circle One) |
|---|---|---|---|---|---|---|
| Count Number 7 | 30-28-3 | F4 | — | 6/28/08 | Y/(N) | (Indictment)  Information |
| Offense Name Criminal Solicitation to Commit Murder | ☐ Conditional Discharge –STOP ☐ Deferred Sentence – STOP ☑ Sentence – Enter Sentence Below | | | Concurrent to Counts | Consec- utive to Counts | Enhancement Code (Circle) Firearm  O  HC  Habitual |
| | Years | Months | Days | | all others | Years |
| | ∅ | 18 | ∅ | | | |

| Case Number CR#: | Statute Number | Class PM/M/F4 F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense | Charging Document (Circle One) |
|---|---|---|---|---|---|---|
| Count Number | | | | | Y/N* | Indictment   Information |
| Offense Name | ☐ Conditional Discharge –STOP ☐ Deferred Sentence – STOP ☐ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consec- utive to Counts | Enhancement Code (Circle) F  O  H  HO |
| | Years | Months | Days | | | Years |
| | | | | | | |

| Case Number CR#: | Statute Number | Class PM/M/F4 F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense | Charging Document (Circle One) |
|---|---|---|---|---|---|---|
| Count Number | | | | | Y/N* | Indictment   Information |
| Offense Name | ☐ Conditional Discharge –STOP ☐ Deferred Sentence – STOP ☐ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consec- utive to Counts | Enhancement Code (Circle) F  O  H  HO |
| | Years | Months | Days | | | Years |
| | | | | | | |

Enhancements:  O= Old Age or Handicap,  HC = Hate Crimes

## SENTENCE SPECIFICS:

☐ **Aggravation/Mitigation.** The sentence for count(s) _____ is
    ☐ Aggravated
    ☐ Mitigated by for _____ years
☐ **Enumeration of Discretionary Special Violent Offender or Aggravation Findings for Count(s) _____.**

_____
_____
_____
_____

☑ **Total Sentence of** _30_ years, _6_ months, _∅_ days.

☐ **Consecutive** to the sentence imposed in Case Number
☐ **Concurrent** to the sentence imposed in Case Number

☑ **Actual Term of Incarceration.** Defendant is to be incarcerated for
_30_ years, _6_ months, _∅_ days in
    ☑ New Mexico Corrections Department
    ☐ Metropolitan Detention Center
        ☐ MDC Good Time  ☐Authorized  ☐ Not authorized
        ☐ Community Custody Program (CCP) ☐Authorized  ☐Ordered

## SENTENCE FORM

☐ **Suspended Sentence** _____years, _____ months, _____ days of the total sentence is suspended

☐ **Deferred Sentence** Sentence is deferred for _____ years, _____ months _____ days

☐ **Conditional Discharge.** Without adjudication of guilt, further proceedings are deferred for _____ years, _____ months, _____ days pursuant to:
    ☐ NMSA §31-20-13
    ☐ NMSA §30-31-28 (Controlled Substances Act)

## PAROLE

☑ Defendant, if imprisoned at any time in the New Mexico Corrections Department, shall be placed on **parole** for _2_ year(s) after release and be required to pay parole costs. (2 years for 2nd or 3rd degree felony, 1 year for 4th degree felony)

## PROBATION

☐ **Probation** Probation term of _____ years, _____ months _____ days_____
    ☐ Supervised
    ☐ Unsupervised

☐ **No Probation.**

## PROBATION CONDITIONS:

In addition to all standard conditions of probation

☐ **Defendant Shall Obtain and Maintain Full-time Employment (30 hours/week or more), or full-time education, or a combination of** employment and education.

☐ **Defendant Shall Enter, Attend, and Successfully Complete Counseling/Treatment Program(s)** as required by the plea and disposition agreement and/or as recommended by probation authorities. These may include but are not limited to
☐ Alcohol/Substance Abuse Treatment
☐ Anger/Conflict Management
☐ Domestic Violence Counseling
☐ Victim Impact Program
☐ **DWI First Offenders Program** through the **METROPOLITAN COURT**

☐ **Defendant Shall Register as a Sex Offender** pursuant to section NMSA 1978 §29-11A-1, *et seq.*, as amended.

☐ **Defendant Shall Pay Restitution**
☐ in the amount of $_____
OR
☐ as determined by probation authorities

☐ **Defendant Shall Perform** _____ **Hours of Community Service** in a program/facility approved by probation authority.

☐ **Defendant Shall Install an Interlock Device In Every Vehicle Defendant Has Access To**

☐ Crime stopper Donation of $ _____.

☐ STEPS Program

☐ **Defendant Shall Not Have or Use Any**
☐ **Illegal Drugs Nor** ☐**Alcoholic Beverages** nor enter or remain in any tavern, bar, or lounge.
☐ **Random Urinalysis**
☐ **Defendant Shall Not Have Contact or Association with "Any Street Gangs** or their members.
☐ **Defendant Shall Not Have Contact or Association with Co-Defendants or**

☐ **Defendant Shall Not Have Contact with Victim(s) or Family(ies) of Victim(s).** The defendant shall not contact in person, by phone, or through anyone other than the defendant's probation officer or attorney any of the following persons or their families:_____

_____

_____

☐ **Defendant Shall Not Go to or Within** _____

_____

_____of above named persons or their families residences or work places.

☐ **Defendant Shall Not Go to or Remain in Any** of the Following Areas or neighborhoods except when physically accompanied by a police or probation officer:_____

_____

☐ **Defendant Shall Not Possess Weapons**

☐ **Defendant Shall Not Drive Without a Valid New Mexico Driver's License.**

Special Conditions of probation as follows:

_____

_____

## PROBATION COSTS

☐ Probation Costs shall be waived.
☐ Probation Costs shall be determined by the probation office based on ability to pay.
☐ Defendant shall pay $ _____ per month.
☐ Probation costs shall be waived for any month that the defendant is paying for:
   ☐ **Treatment**
   ☐ **Restitution**
   ☐ **Counseling**
   ☐ **Other**

## FEES & FINES

Defendant must pay the following:
☐ DWI Lab Fee of $65.  Sec. 31-12-7A
☐ Crime Drug Lab Fee Of $75.  Sec. 31-12-8
☐ Comprehensive Community Corrections Fee of $75.  Sec. 31-12-7B
☑ DNA Fee of $100 and provide DNA sample as directed.
☑ Domestic Violence Fund Fee of $5.00
☐ _____

## PRE-SENTENCE CONFINEMENT CREDIT

Pre-sentence confinement credit in the amount of _496_ days is awarded as of this date and post-sentence confinement credit until transported to the Corrections is also awarded.

## DISMISSAL OF REMAINING CHARGES

☑ Counts _2, 3, & 4_ of CR _2008-3351_ will be dismissed.

District Judge: Ross C. Sanchez
Division _8_

On November 17, 2009
'Telephonic Approval'
by D' Sandy Barnhart y Chavez

Counsel for Defendant
**Public Defender:** _____
505 Central NW
Albuquerque, NM 87102
(505) 841-5100

Counsel for The State
**ADA:** Allison Hedgecock
520 Lomas NW
Albuquerque, NM 87102
(505) 841-7100

OR

**Private Attorney**
_Sandy Barnhart y Chavez_

Phone: _892-5544_
FAX# 892-3478

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

```
                                                    ENDORSED
                                           FILED IN MY OFFICE THIS

                                                NOV 2 3 2009

                                              Juanita M. Duran
                                           CLERK DISTRICT COURT
```

STATE OF NEW MEXICO (DA)

                                        PLAINTIFF,

VS.

JASON SKAGGS

                                        DEFENDANT,                    NO. 08-3351


## NOTICE OF ENTRY OF JUDGMENT AND SENTENCE

Pursuant to Rule 5-701, Rules of Criminal Procedure notice is hereby given to SANDY BARNHART Y CHAVEZ attorney for the defendant, that judgment and sentence was entered herein on NOVEMBER 18, 2009.


                                        JUANITA M. DURAN
                                        Clerk of the District Court

(SEAL)

COURT SEAL                              By:  _Sherry Aragon_
                                             Deputy


## CERTIFICATE

I hereby certify that a true and correct copy of the foregoing was mailed to counsel on November 19, 2009.



                                        JUANITA M. DURAN
                                        Clerk of the District Court

COURT SEAL
(SEAL)                                  By:  _Sherry Aragon_
                                             Deputy



SANDY BARNHART Y CHAVEZ
1218 LOMAS BLVD NW
ALBUQUERQUE, NM 87102

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**4/20/2021 3:53 PM**
**CLERK OF THE COURT**
**Alec Struck**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**JASON SKAGGS,**

       **Petitioner,**

**v.**                                  **No. CR 2008-3351**

**STATE OF NEW MEXICO, and**
**DWAYNE SANTISTEVAN, Warden,**

       **Respondents.**

<u>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**</u>

    **THIS MATTER** having come before the court on Petitioner's *Petition for Writ of Habeas Corpus,* filed February 19, 2021, the court having reviewed the record and being otherwise fully advised in the premises, **FINDS AND ORDERS THAT**:

    **SUMMARY DISMISSAL**

    This matter is summarily dismissed because as a matter of law petitioner is not entitled to relief based on a review of the files, pleadings, and records which show that:

1)    On July 27, 2009, Petitioner entered into a Plea and Disposition Agreement wherein he pleaded guilty to second degree murder, aggravated burglary (deadly weapon), conspiracy to commit aggravated burglary (deadly weapon), and criminal solicitation to commit murder.

2)    Pursuant to the terms of the Plea and Disposition Agreement, the sentences on each of the charges ran consecutively. The Court sentenced Petitioner to 30½ years in the Department of Corrections.

3)    Petitioner argues the following:

a)    Based on a double jeopardy argument, the convictions for aggravated burglary (deadly weapon) and conspiracy to commit aggravated burglary (deadly weapon) should merge

Filed
Supreme Court of New Mexico
6/4/2021 11:33 AM
Office of the Clerk
Joey D. Moya

IN THE SUPREME COURT OF THE STATE OF NEW MEXICO
June 04, 2021

NO. S-1-SC-38811

JASON RAY SKAGGS,

  Petitioner,

v.

DWAYNE SANTISTEVAN, Warden,

  Respondent.

# ORDER

  WHEREAS, this matter came on for consideration by the Court upon petition for writ of certiorari filed under Rule 12-501 NMRA, and the Court having considered the foregoing and being sufficiently advised, Justice C. Shannon Bacon, Justice David K. Thomson and Justice Julie J. Vargas concurring;

  NOW, THEREFORE, IT IS ORDERED that the petition for writ of certiorari is DENIED.

  IT IS SO ORDERED.



WITNESS, the Honorable Michael E. Vigil, Chief Justice of the Supreme Court of the State of New Mexico, and the seal of said Court this 4th day of June, 2021.

Joey D. Moya, Clerk of Court
Supreme Court of New Mexico

By _Madeline Garcia_

    Chief Deputy Clerk

I CERTIFY AND ATTEST:
A true copy was served on all parties
or their counsel of record on date filed.
_Madeline Garcia_
Clerk of the Supreme Court
of the State of New Mexico

with the conviction for second degree murder.

b) Since the Petitioner's co-defendant was not convicted of aggravated burglary (deadly weapon) and conspiracy to commit aggravated burglary (deadly weapon), Petitioner's conviction for these charges are invalid.

4)    Petitioner's double jeopardy argument fails since each crime charged requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

5)    Petitioner's argument that his convictions for aggravated burglary (deadly weapon) and conspiracy to commit aggravated burglary (deadly weapon) are invalid due to the dismissal of these charges in his co-defendant's case is not supported by law. *See State v. Gonzales*, 2008–NMCA–146, ¶ 11, 145 N.M. 110, 194 P.3d 725 (holding that where surveillance footage showed a grainy depiction of several people burglarizing a store and the jury believed that the defendant was one of them, the fact that the other burglars were not identified or proved to have any relationship to the defendant did not undermine his conspiracy to burglarize conviction); *see also State v. Verdugo*, 1969–NMSC–008, ¶ 9, 79 N.M. 765, 449 P.2d 781 (holding that the dismissal of charges against the co-conspirator did not preclude the defendant's conspiracy conviction).

**IT IS THEREFORE ORDER**:

Petitioner's *Petition for Writ of Habeas Corpus*, filed February 19, 2021, is hereby **DENIED**.



ALISA A. HART
DISTRICT COURT JUDGE

Jason Skaggs #71010
6900 W. Millen dr.
Hobbs, N.M. 88844

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 24 2022

MITCHELL R. ELFERS
CLERK

U.S. District Court
District Of New Mexico
333 Lomas Blvd. NW Suite 270
Albuquerque, N.M. 87102



87102





U.S. POSTAGE PAID
FCM LG ENV
HALLETTSVILLE, TX
77964
JAN 20, 22
AMOUNT
$2.36
R2304H109057-03