**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JASON SKAGGS,

Petitioner,

v. No. 22-cv-0050 JB-JHR

DWAYNE SANTISTEVAN and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Jason Skaggs' 28 U.S.C. § 2254 habeas corpus petition (Doc. 1) (Petition). Skaggs is incarcerated and proceeding *pro se*. He alleges his state convictions violate double jeopardy principles. Having reviewed the matter under Habeas Corpus Rule 4, the Court will require Skaggs to show cause why his Petition should not be dismissed for failure to file within the one-year habeas limitation period.

**I. Procedural Background**[1]

In 2009, Skaggs pled guilty to second degree murder; aggravated burglary with a deadly weapon; conspiracy to commit aggravated burglary; and criminal solicitation to commit murder. *See* Doc. 1 at 1, 30-32. The State Court sentenced him to 30.5 years imprisonment. *Id.* at 33. Judgment on the conviction and sentence was entered November 18, 2009. *Id*. at 30. The state docket reflects Skaggs did not file a direct appeal. *See* Docket Sheet in D-202-CR-2008-3351.

[1] To better interpret the citations in the Petition, the Court took judicial notice of Skaggs' state court criminal dockets, Case No. D-202-CR-2008-3351 and S-1-SC-38811. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

His conviction therefore became final no later than December 19, 2009, after expiration of the 30-day state appeal period. *See Locke v. Saffle,* 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (for purposes of § 2254, a conviction becomes final after time for seeking direct review expires); N.M. R. App. P. 12-201(A)(1)(b) (direct appeal must be filed within 30 days after entry of the challenged judgment or order).

Skaggs filed a state Motion for Reconsideration and Reduction of Sentence the following year, on February 18, 2010. *See* Motion in D-202-CR-2008-3351. The State Court denied the motion by an Order entered February 23, 2010, and Skaggs did not appeal. *See* Order, Docket Sheet in D-202-CR-2008-3351. Over three years passed until Skaggs filed his next state motion challenging his convictions/sentence. *See* Motion filed September 30, 2013 in D-202-CR-2008-3351. The State Court denied the motion in 2013 along with all subsequent habeas petitions. *See* Docket Sheet in D-202-CR-2008-3351. The New Mexico Supreme Court (NMSC) denied certiorari relief in connection with Skaggs' most recent habeas petition on June 4, 2021. *See* Order Denying Petition in S-1-SC-38811.

Skaggs filed the instant § 2254 Petition on January 24, 2022. *See* Doc. 1. He alleges the convictions for aggravated burglary with a deadly weapon and murder are unitary acts for purposes of the Double Jeopardy Clause. *Id.* at 5. He asks the Court to vacate his convictions for aggravated burglary and conspiracy to commit aggravated burglary. *Id.* at 15. Skaggs paid the $5 habeas filing fee, and the matter is ready for initial review.

**II. Timeliness of the § 2254 Petition**

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 claims. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief … , the

judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the judge must order the respondent to file an answer...." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). *See also Tolbert v. Delatorre,* 2022 WL 5082320, at *1 (10th Cir. Oct. 5, 2022) (affirming screening dismissal based on the time-bar and citing the state court docket sheet).

Section 2254 petitions must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). As noted above, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1) While a state post-conviction petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the one-year limitation period began to run no later than December 19, 2009, after Skaggs declined to file a direct appeal. Sixty-one (61) days passed before Skaggs filed his first

state post-conviction motion on February 18, 2010. The Court assumes that motion to reconsider sentence stopped the clock pursuant to § 2244(d)(2). That proceeding remained pending through March 25, 2010, when the 30-day appeal period expired in connection with the state trial order denying post-conviction relief. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (state habeas proceeding remains pending, for tolling purposes, "through the state statutory time to appeal"). "The next day [March 26, 2010] statutory tolling ceased," and the remaining "time for filing a federal habeas petition [304 days][2] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations). The state docket reflects Skaggs did not file a tolling motion during the next 304 days. *See* Docket Sheet in D-202-CR-2008-3351. The one-year limitation period expired no later than January 24, 2011, and the 2254 Petition filed in 2022 appears time-barred.

For these reasons, Skaggs must show cause in writing within thirty (30) days of entry of the Order why the Petition should not be summarily dismissed. The failure to timely respond or overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Skaggs must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

---

[2] The Court arrived at this figure by subtracting the number of days that initially elapsed (61) from the total number of days in a one-year period (*i.e.,* 365 days in a year - 61 days = 304 remaining days).

**SO ORDERED**.

______________________________
UNITED STATES MAGISTRATE JUDGE