IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON SKAGGS,

    Petitioner,

vs.                                                                         No. CIV 22-0050 JB/JHR

DWAYNE SANTISTEVAN, *Warden*, and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed January 24, 2022 (Doc. 1)("Petition"). Petitioner Jason Skaggs alleges that his 2009 State court convictions violate double jeopardy principles. See Petition ¶ 12, at 5. The Honorable Jerry Ritter, United States Magistrate Judge for the United States District Court for the District of New Mexico, previously ordered Skaggs to show cause why the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A) does not bar his habeas claims. See Memorandum Opinion and Order at 1, filed April 27, 2023 (Doc. 11)("OSC"). Because Skaggs has not demonstrated grounds for tolling, and having researched applicable law and the State docket to confirm the time-bar, the Court will dismiss the Petition with prejudice.

## BACKGROUND

The Court took the following background information from the Petition and Skaggs' State court criminal dockets, State of New Mexico v. Skaggs, Case No. D-202-CR-2008-3351, County of Bernalillo, Second Judicial District Court, State of New Mexico; and Skaggs v. Santistevan, Case No. S-1-SC-38811, Supreme Court of the State of New Mexico. The State criminal filings

are subject to judicial notice. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(noting that courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); Mitchell v. Dowling, 672 Fed. App'x 792, 794 (10th Cir. 2016)(observing that habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [State] motion was filed");[1] Van Duzer v. Simms, No. CV 18-0405, 2018 WL 2138652, at *1, n.1 (D.N.M. May 9, 2018)(Browning, J.)(concluding that courts may take judicial notice of New Mexico State criminal dockets).

In 2009, Skaggs pled guilty to second degree murder; aggravated burglary with a deadly weapon; conspiracy to commit aggravated burglary; and criminal solicitation to commit murder.

---

[1]Mitchell v. Dowling is an unpublished opinion, but the Court can rely on a United States Court of Appeals for the Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. [. . .] However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Ords. & Judgments, 151 F.R.D. 470 (10th Cir. 1993)). The Court concludes that Mitchell v. Dowling, as well as Taylor v. Wade, 789 Fed. App'x 674 (10th Cir. 2019); Rojas-Marceleno v. Kansas, 765 F. App'x 428 (10th Cir. 2018); Clay v. Jones, 491 Fed. App'x 935 (10th Cir. 2012); Trimble v. Hansen, 764 F. App'x 721 (10th Cir. 2019); Pena-Gonzales v. State, 2022 WL 214747 (10th Cir. Jan. 25, 2022); Trujillo v. Tapia, 359 Fed. App'x 952 (10th Cir. 2010); Montoya v. Milyard, 342 F. App'x 430 (10th Cir. 2009); Vue v. Dowling, 716 Fed. App'x 749 (10th Cir. 2017); and Kraus v. Heimgartner, 681 Fed. App'x 679 (10th Cir. 2017), have persuasive value with respect to material issues in this case, and will assist the Court in its preparation of this Memorandum Opinion and Order.

See Petition ¶ 5, at 1; id. at 30-32.  The State Court sentenced him to thirty years and six months in prison.  See Petition at 33.  Judgment on the conviction and sentence was entered November 18, 2009.  See Petition at 30, 36.  The State docket reflects that Skaggs did not file a direct appeal. See State of New Mexico v. Skaggs, Case No. D-202-CR-2008-3351, Docket Sheet, County of Bernalillo, Second Judicial District Court, State of New Mexico.  His conviction therefore became final no later than December 19, 2009, after expiration of the thirty-day State appeal period.  See Locke v. Saffle, 237 F.3d 1269, 1271-1273 (10th Cir. 2001)(holding that for § 2254 purposes, a conviction becomes final after the time for seeking direct review expires); N.M. R. App. P. 12-201(A)(1)(b)(stating that direct appeal must be filed within thirty days after entry of the challenged judgment or order).

Skaggs filed a State Motion for Reconsideration and Reduction of Sentence the following year, on February 18, 2010.  See State of New Mexico v. Skaggs, Case No. D-202-CR-2008-3351, Motion for Reconsideration and Reduction of Sentence, County of Bernalillo, Second Judicial District Court, State of New Mexico (filed February 18, 2010).  The State trial court denied the motion on February 23, 2010, and Skaggs did not appeal.  See State of New Mexico v. Skaggs, Case No. D-202-CR-2008-3351, Order, County of Bernalillo, Second Judicial District Court, State of New Mexico (filed February 23, 2010).  Over three years passed until Skaggs filed his next State motion challenging the conviction or sentence, titled Motion to Have a Hearing to Fix or Pull [Skaggs'] Plea Bargain, on September 30, 2013.  See State of New Mexico v. Skaggs, Case No. D-202-CR-2008-3351, Motion to Have a Hearing to Fix or Pull [Skaggs'] Plea Bargain, County of Bernalillo, Second Judicial District Court, State of New Mexico (filed September 30, 2013).  The State trial court denied relief on October 1, 2013.  See State of New Mexico v. Skaggs, Case No.

D-202-CR-2008-3351, Order in Re: Motion to Have a Hearing Fix or Pull [Skaggs'] Plea Bargain, County of Bernalillo, Second Judicial District Court, State of New Mexico (filed October 1, 2013).

Skaggs filed several other state post-conviction motions between 2019 and 2021. See State of New Mexico v. Skaggs, Case No. D-202-CR-2008-3351, Docket Sheet, County of Bernalillo, Second Judicial District Court, State of New Mexico. The Supreme Court of New Mexico ("NMSC") entered its most recent order denying certiorari on June 4, 2021. See Skaggs v. Santistevan, Case No. S-1-SC-38811, Order (filed June 4, 2021).

Skaggs filed this, federal § 2254 Petition on January 24, 2022. See Petition at 1. The Petition alleges, among other things, that Skaggs' convictions for aggravated burglary with a deadly weapon and murder are unitary acts for purposes of the Double Jeopardy Clause. See Petition ¶ 12, at 5. He asks the Court to vacate his convictions for aggravated burglary and conspiracy to commit aggravated burglary. See Petition at 15. The Court referred the matter to Magistrate Judge Ritter for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed February 13, 2023 (Doc. 8).

By an OSC entered April 27, 2023, Magistrate Judge Ritter reviewed the Petition sua sponte under rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, effective Feb. 1, 1977, as amended to Dec. 1, 2019, and determined that the Petition is time barred. See OSC at 3-4. See also Day v. McDonough, 547 U.S. 198, 209 (2006)(holding that, as part of the initial review process, "courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The OSC set forth the legal standard for statutory/equitable tolling and directed Skaggs to show cause why the Court should not dismiss the Petition. See OSC at 1-5. Skaggs timely filed his Letter-Response in Regards to Jason Skaggs [sic] Case 2:22-cv-0050-

JB-JHR Document 11, filed May 15, 2023 (Doc. 12)("Response"), and the matter is ready for review.

## **LAW REGARDING THE § 2254 STATUTE OF LIMITATIONS**

A one-year statute of limitations governs petitions for a writ of habeas corpus by a person in State custody under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run

from the time the judgment on the petitioner's conviction and sentence becomes final. See 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. See 28 U.S.C. § 2254(d)(1)(A); Rhine v. Boone, 182 F.3d at 1155.

This one-year statute of limitations is tolled when a petitioner files a state habeas corpus petition. Tolling occurs, however, only when "a properly filed application for State post-conviction" relief is "pending." 28 U.S.C. § 2244(d)(2). A State habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the State's post-conviction procedures. Carey v. Saffold, 536 U.S. 214, 219-20 (2002). See Holland v. Florida, 560 U.S. 631, 635, 638 (2010). A State habeas petition submitted after the one-year deadline does not toll, however, the limitations period. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(noting the petitioner could not take advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period . . . .").

The one-year statute of limitations also may be subject to equitable tolling. Equitable tolling is available only when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused the failure to timely file. See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not warrant equitable tolling. See Marsh v. Soares, 223 F.3d at 1220 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Taylor v. Wade, 789 Fed. App'x 674, 677 (10th Cir. 2019)("[N]either

[petitioner's] misapprehension of the law nor his . . . claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition."); Rojas-Marceleno v. Kansas, 765 F. App'x 428, 433 (10th Cir. 2018)("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling."); Clay v. Jones, 491 Fed. App'x 935, 935 (10th Cir. 2012)(concluding that a plaintiff's failure to "understand . . . tolling and exhaustion issues" cannot "demonstrate 'extraordinary circumstances' entitling him to equitable tolling." (quoting Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008))).

A petitioner generally "must show that he can satisfy the procedural requirements of" § 2244(d) "[b]efore [the court can] address[] the merits of [his] claims." United States v. Greer, 881 F.3d 1241, 1244 (10th Cir.), cert. denied, 139 S. Ct. 374 (2018). Accordingly, and as noted above, federal courts have authority to sua sponte consider the timeliness of a habeas petition when screening the case. See Day v. McDonough, 547 U.S. 198, 209 (2006)(holding that as part of the initial review process, "courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition").

## **LAW REGARDING § 2254 HABEAS CORPUS RELIEF**

A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides: "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA's amended § 2254 limits federal courts' power to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that a State court adjudicated on its merits, § 2254(d) expressly limits federal court review. Under § 2254(d), a

habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim:
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defer[s] to those reasons if they are reasonable." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The standard is highly deferential to the State court rulings and demands that the State court be given the benefit of the doubt. See Harrington v. Richter, 562 U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam). The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. See Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the holdings of the Supreme Court's decisions as of the time of the relevant State court decision. Williams v. Taylor, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a State-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. at 405-06. A State court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v.

Packer, 537 U.S. 3, 8 (2002)(per curiam).

A State court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams v. Taylor, 529 U.S. at 407-08. A court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. See Williams v. Taylor, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the State court decision applied clearly established federal law erroneously or incorrectly; the application also must be unreasonable. See Williams v. Taylor, 529 U.S. at 411; Harrington v. Richter, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the State court's decision conflicts with Supreme Court precedents. See Harrington v. Richter. 562 U.S. at 102.

## ANALYSIS

In this habeas proceeding, Skaggs challenges the constitutionality of his State convictions for second degree murder and aggravated burglary -- alleging the conduct underlying the two convictions constituted "unitary acts." Petition ¶ 12, at 5. As the OSC explains, Skaggs did not file his claims within the one-year habeas limitation period. The conviction became final -- and the one-year period began to run -- no later than December 19, 2009, when the Criminal Judgment became final. See Locke v. Saffle, 237 F.3d at 1271-1273. Sixty-one days passed before Skaggs filed his first State post-conviction Motion for Reconsideration and Reduction of Sentence on

February 18, 2010.  Such filing stopped the one-year clock pursuant to 28 U.S.C. § 2244(d)(2), which governs tolling for State post-conviction motions.  Skaggs' Motion for Reconsideration and Reduction of Sentence remained pending through March 25, 2010, when the thirty-day appeal period expired in connection with the State trial order denying relief.  See Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000)(stating that a State habeas proceeding remains "pending," and the federal habeas limitation period is tolled, through the expiration of the State appeal period); NMRA, Rule 12-501 (a writ of certiorari must be filed within thirty days after the State trial court's denial of a habeas petition).  "The next day [March 26, 2010] statutory tolling ceased," and the remaining "time for filing a federal habeas petition [304 days][2] resumed . . . ." Trimble v. Hansen, 764 F. App'x 721, 724 (10th Cir. 2019)(addressing tolling calculations in federal habeas proceedings).  The state docket reflects that Skaggs did not file a tolling motion during the next 304 days.  See State of New Mexico v. Skaggs, Case No. D-202-CR-2008-3351, Docket Sheet, County of Bernalillo, Second Judicial District Court, State of New Mexico.  The one-year limitation period expired no later than January 24, 2011, and absent a showing of additional tolling by Skaggs, the § 2254 Petition filed in 2022 is time-barred.

Magistrate Judge Ritter explained these principles in his OSC, which set out the State court filing timeline; the above calculation regarding the limitation period; and the legal standards for obtaining statutory and equitable tolling.  The Response does not object to the State filing timeline or the calculations.  See Response at 1-4.  Construed liberally, the Response seeks equitable

---

[2]The Court arrived at this figure by subtracting the number of non-tolling days that initially elapsed, 61, from the total number of days in the one-year period, i.e., 365 days in a year - 61 days = 304 remaining days.

tolling based on ineffective assistance by counsel.  Skaggs alleges the State procedural rules required his plea counsel to preserve his right to a direct appeal and that she failed to file an appeal as he directed.  See Response at 1-4.

I. **SKAGGS HAS NOT DEMONSTRATED GROUNDS FOR EQUITABLE TOLLING.**

As noted above, equitable tolling is "a rare remedy to be applied in unusual circumstances." Al-Yousif v. Trani, 779 F.3d 1173, 1179 (10th Cir. 2015).  The doctrine applies only if some extraordinary circumstance outside of the petitioner's control prevented the petitioner from timely filing.  See Lawrence v. Florida, 549 U.S. 327 (2007); Menominee Indian Tribe of Wis. v. United States, 136 S. Ct. 750, 756 (2016).  "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances."  Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).  He or she also must describe "the steps he [or she] took to diligently pursue his [or her] federal claims while those circumstances existed."  Pena-Gonzales v. State, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022)(noting that Yang v. Archuleta requires both "extraordinary circumstances *and* due diligence" (emphasis in original)).  Said differently, the inmate must provide "specificity regarding the alleged lack of access and the steps he [or she] took to diligently pursue his federal" petition.  Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

An attorney's negligence, mistake, or ineffective assistance is not generally a basis for equitable tolling in the habeas context, as there is no constitutional right to habeas counsel.  See Fleming v. Evans, 481 F.3d 1249, 1255-56 (10th Cir. 2007).  "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures."  Fleming v. Evans, 481 F.3d at 1255-56.  Consequently, a habeas petitioner cannot demonstrate equitable tolling by pointing to

a "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline . . . ." Holland v. Florida, 560 U.S. 631, 651-52 (2010). To warrant tolling, the attorney's actions must be "[p]articularly egregious, . . . such as repeated, deceitful assurances that a habeas petition would soon be filed." Trujillo v. Tapia, 359 Fed. App'x 952, 955 (10th Cir. 2010). See Montoya v. Milyard, 342 F. App'x 430, 432 (10th Cir. 2009)(noting that equitable tolling is available only where an attorney "affirmatively misled his client"); Fleming v. Evans, 481 F.3d at 1256 (stating that tolling is only warranted based on "sufficiently egregious misconduct on the part of a habeas petitioner's counsel").

> The factual basis for Skaggs' request for tolling is as follows:
>
> Upon conviction at sentencing I was advised by counsel that she would start the appeal process and not to worry she would handle it all on my behalf as she is obligated to do so, I put my trust in my attorney to do so and was never notified at anytime of her compliance to do so, upon several attempts to contact her, I was met with failure and non compliance, therefore failure to meet timeline rule was ignored and not met due to ineffective assistance of counsel and not of my own doing or negl[igence] . . . , at the time I was not informed of any timeline restriction of the appeals procedure as my attorney would have been due to her law degree and my lack of knowledge on this matter at the time.
>
> . . .
>
> My Court appointed attorney, []Sandy Barnhart-y-Chavez failed to file the mandatory appeal after sentencing, therefore I was never awarded an appeals attorney as would have been procedure. That is why I am currently pro [se] . . . on this matter.

Response at 2-4.

This explanation does not demonstrate that Skaggs' state counsel engaged in egregious conduct or repeatedly misled Skaggs with respect to federal habeas relief. This case's facts are similar to those in Vue v. Dowling, 716 Fed. App'x 749, 752 (10th Cir. 2017). In that case, the petitioner argued "equitable tolling is warranted based on his attorney's failure to (1) file a motion

to withdraw his plea or (2) file a timely appeal" in state court.  Vue v. Dowling, 716 Fed. App'x at 752.  The Tenth Circuit declined to apply tolling based on an uncorroborated allegation that a "conversation with his attorney led [petitioner] . . . to believe that she would pursue an appeal" in State court.  Vue v. Dowling, 716 Fed. App'x at 752.  Likewise, in Kraus v. Heimgartner, 681 Fed. App'x 679 (10th Cir. 2017), the Tenth Circuit similarly found no egregious circumstances "based on a misunderstanding between" the petitioner and his attorney "as to the filing of a state post-conviction petition."  681 Fed. App'x at 682.  Based on this authority, the Court concludes that the allegations against Skaggs' attorney in his Response are not sufficiently detailed or egregious to show extraordinary circumstances.

Even if counsel's conduct was egregious, it does not explain Skaggs' failure to file a federal habeas petition, as distinct from a direct appeal of the criminal judgment in State court.  Said differently, the Response is devoid of any specific allegation that plea counsel promised to file a federal habeas petition or otherwise misled Skaggs with respect to his rights under 28 U.S.C. §§ 2244 or 2254.  Such a promise would be highly unusual, as the right to counsel in the Sixth Amendment attaches only through the completion of the direct appeal process and does not extend to federal habeas proceedings.  See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008)("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction.").  Cf. Hobdy v. Raemisch, 916 F.3d 863, 885 (10th Cir. 2019)("Because a prisoner does not have a constitutional right to counsel in state postconviction proceedings, ineffective assistance in those proceedings does not qualify as cause to excuse a procedural default.").  To the extent that the Response can be construed to allege that plea counsel failed to advise Skaggs regarding the federal limitation period, such failure also is not extraordinary.  See, e.g., United

States v. Arrowgarp, 558 Fed. App'x 824, 825 (10th Cir. 2014)(noting "an attorney's mere alleged failure to inform a client of the date on which his appeal was denied" for purposes of calculating the one-year habeas limitation period "falls well short of" a showing of extraordinary circumstances)(quoting Trujillo v. Tapia, 359 F. App'x at 955). Skaggs' Response therefore does not establish that extraordinary circumstances warrant equitable tolling of the one-year limitation period.

Alternatively, even if Skaggs established extraordinary circumstances, his Response does not show that he made any diligent efforts to pursue 28 U.S.C. § 2254 claims during the one-year period. For example, Skaggs "does not mention particular steps he took to finalize and file the petition while the limitations period ran [in 2010 and 2011], such as drafting the petition." Pena-Gonzales v. State, 2022 WL 214747, at *1. Skaggs also does not explain why he did not follow up with counsel and/or why he waited over ten years to file a federal habeas petition. See, e.g., Kraus v. Heimgartner, 681 Fed. App'x at 683 (noting that a misunderstanding between counsel and petitioner "is not enough [for tolling], especially where [petitioner] waited two years to correct it and offers no explanation for not doing so sooner"); Vue v. Dowling, 716 Fed. App'x at 752 (finding no due diligence where petitioner "claims he believed the attorney had perfected his [direct] appeal, but he provides no explanation for his failure to follow up on the matter for the 17 years that passed between the time his conviction became final and the time he sought habeas relief in federal court"). Moreover, to the extent that Skaggs did not act because he did not know a one-year limitation period applies to federal habeas claims, such circumstances cannot overcome the time-bar. See Marsh v. Soares, 223 F.3d 1217, 1229 (10th Cir. 2000)("It is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt

filing."); Rojas-Marceleno v. Kansas, 765 F. App'x at 433 ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling."). Accordingly, the show-cause Response does not show extraordinary circumstances or due diligence.

In sum, the one-year limitation period expired no later than January 24, 2011. Skaggs' Response does not overcome the time-bar or establish grounds for tolling. The Court will dismiss the Petition with prejudice.

## II.   THE COURT DENIES A CERTIFICATE OF APPEALABILITY.

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the limitation period expired over ten years before Skaggs filed this habeas proceeding, and, for the reasons discussed above, the rejection of his claim to equitable tolling is not reasonably debatable. The Court therefore will deny a Certificate of Appealability.

**IT IS ORDERED** that: (i) that Skaggs' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed January 24, 2022 (Doc. 1), is dismissed with prejudice as time-barred; (ii) a Certificate of Appealability is denied; and (iii) the Court will enter a separate Final Judgment disposing of the civil case.

_____
UNITED STATES DISTRICT JUDGE

Jason Skaggs
Hobbs, New Mexico

*Petitioner pro se*